COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§

IN RE:  R.E. AND G.E.,                                    §

                         Relators.                              §

§

§

No. 08-16-00130-CV

AN ORIGINAL PROCEEDING

ON PETITION FOR WRIT OF

HABEAS CORPUS

## MEMORANDUM OPINION

Relators R.E. and G.E. are parents of a minor child, D.E., and are respondents in a suit affecting the parent-child relationship.  D.E. is presently placed in foster care.  Relators have filed an emergency petition for writ of habeas corpus asking that we order the trial court to return custody of D.E. to them.[1]

We have the power to issue a writ of habeas corpus when it appears that a person is restrained in his liberty by virtue of an order, process or commitment issued by a court "because of the violation of an order, judgment, or decree *previously made, rendered, or entered* by the court or judge in a civil case."  TEX. GOV'T CODE ANN. § 22.221(d) (West 2004) (emphasis added).  The record before us does not demonstrate that we have the jurisdiction to issue a writ

---

[1] The record before us indicates that a permanency hearing order before a final order was entered on June 17, 2016, and that trial is set for August 1, 2016.

of habeas corpus, because the record does not show that a person has been restrained of her liberty because of the violation of a previous order, judgment, or decree of the trial court. We therefore dismiss the emergency petition for writ of habeas corpus for want of jurisdiction.

To the extent we construe Relators' petition as a petition for writ of mandamus, we note that to be entitled to mandamus relief, a relator generally must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id.* at 135–36. We conclude that Relators have failed to show that the trial judge clearly abused his discretion by ordering that D.E. remain in a foster care setting during the pendency of the suit. Accordingly, to the extent Relators' petition is seeking a writ of mandamus, it is denied.

STEVEN L. HUGHES, Justice

July 13, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.